IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
Houston Division

| | |
|---|---|
| DIANE FRIEND | § |
| | § CIVIL ACTION NO. _____ |
| | § |
| vs. | § Proceeding under the Fair Labor |
| | § Standards Act |
| TEXAS HEALTH SCHOOL, L.P. | § |
| Defendant. | § |

### **PLAINTIFF'S ORGINAL COMPLAINT**

### **A. Summary**

This is a proceeding against Defendant for violating the overtime provisions of the Fair Labor Standards Act of 1938 ("FLSA"). Defendant hired Plaintiff and agreed to pay Plaintiff on a salaried basis. Defendant repeatedly docked Plaintiff's pay for minor instances and absences, thus making Plaintiff non-exempt under FLSA.

### **B. Parties**

1. Plaintiff Diane Friend is an individual and a resident of the State of Maryland.

2. Defendant Texas Health School, L. P. ("THS") is a Texas for-profit educational institution operating in the State of Texas as Limited Partnership. THS may be served with process by serving the company's registered agent Scholastic Learning Center, Inc. at 11211 Katy Freeway Houston, TX 77079.

### **C. Jurisdiction**

3. The court has federal question jurisdiction, 28 U.S.C. §1331, over the this lawsuit because the action arises under federal law, via the Fair Labor Standards Act of 1938, 29 U.S.C. §201 *et seq*. The court has pendant/supplemental jurisdiction, 28 U.S.C.

§1367(a), over any related state causes of action because such actions are so related to the federal lawsuit that they are all part of the same case/controversy.

### E.  Facts

4. From January 2017 through January 2019, Plaintiff worked for Defendant as the Director of Nursing.

5. Defendant designated Plaintiff's job position as exempt from the overtime requirements of the FLSA, and Defendant paid Plaintiff a salary.

6. Defendant often required Plaintiff to work in excess of forty (40) hours per workweek.

7. Defendant regularly and consistently docked Plaintiff's pay for absences of less than one day.

8. Defendant's practice of docking Plaintiff's pay indicated no intention for Defendant to pay Plaintiff on a salaried basis as defined under the FLSA.

9. Defendant never paid Plaintiff overtime for working in excess of forty (40 hours per workweek, as mandated by the FLSA.

### F.  Count 1 – Violation of FLSA: Unpaid Overtime

10. Defendant worked Plaintiff more than 40 hours per workweek and failed to pay Plaintiff overtime. Accordingly, Defendant violated various wage and hour provisions of the Fair Labor Standards Act of 1938, 29 U.S.C. §201 *et seq*.

11. Defendant repeatedly has violated and is violating the provisions of Sections 11(c) and 15(a)(5) of FLSA, in that THS has failed to make, keep and preserve records of its employees and of the wages, hours and other conditions and practices of employment

maintained by it, as prescribed by the regulations duly promulgated under said Section 11 (c) at 9 C.F.R. Part 516.

## G. Prayer

12. For the above reasons, Plaintiff seeks judgment against Defendant for the following:

    a. Actual damages, as measured by back overtime payments,

    b. Liquidated damages in the same amount as back overtime payments, 29 U.S.C. §216(b),

    c. Prejudgment and post judgment interest,

    d. Attorneys fees and costs of suit, 29 U.S.C. §216(b),

    e. Application of the three year statute of limitations for "willful" violations of FLSA, 29 U.S.C. §255(a), and

    f. All other applicable state and federal relief the court deems necessary and appropriate.

Respectfully submitted,

LAW OFFICE OF ARTHUR J. WHITE III, P.C.

_____
Arthur J. White III
Texas Bar No. 24048877
1700 Post Oak Boulevard
2 BLVD Place
Suite 600
Houston, Texas 77056
Tel. (832) 620-6406
Fax. (866) 645-7314
E-mail: Arthur@whitelegalgroup.com

Attorney for Plaintiff